UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARREN CLAYTON and SHELLEY CLAYTON, individually and as next best friends of KINSER CLAYTON, </br></br>　　　　　　　Plaintiffs, </br></br>　vs. </br></br>MORGAN COUNTY 911 and MADISON TOWNSHIP FIRE DEPARTMENT, </br></br>　　　　　　　Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>) Case No. 1:15-cv-01564-SEB-DML</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

### Report and Recommendation on Plaintiffs' Motion to Remand

The Magistrate Judge makes this report and recommendation that the District Judge grant the plaintiffs' motion to remand (Dkt. 18) and deny as moot the motion to remand filed by Indiana Statewide 911 Board (Dkt. 7).

The plaintiffs have been granted leave to amend their complaint to clarify they did not intend to bring, and are not bringing, any claims for violations of federal constitutional rights.  In the original complaint they had referred to "constitutional rights" at two places in the prayer for relief, though the factual allegations said nothing about constitutional rights.  The court's jurisdiction over the plaintiffs' state law claims existed, if at all, by virtue of 28 U.S.C. § 1367 governing supplemental jurisdiction.

The reference to "constitutional rights" in the original complaint's prayer for relief was the basis on which defendant Morgan County 911 asserted in its removal petition that this court had original jurisdiction. (*See* Dkt. 1, ¶¶ 1-2). To the extent the references in the prayer for relief were even sufficient to give rise to federal question jurisdiction, it is now appropriate for the court to determine whether to continue to exercise supplemental jurisdiction over the state law claims. *RWJ Mgmt Co. v. BP Products North America, Inc.,* 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims.") The plaintiffs have moved the court to remand because they are not asserting any federal claims.

Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction over claims that predominate over those for which the court has original jurisdiction. There is also a "general presumption" in favor of relinquishing supplemental jurisdiction when all claims within the court's original jurisdiction have dropped from the case. *RWJ Mgmt.,* 672 F.3d at 478. Because this case has no existing claims over which the court has original jurisdiction, is in its infancy, and involves only state law causes of action, the magistrate judge recommends that the district court grant the plaintiffs' motion (Dkt. 18) and REMAND this case to the Marion Superior Court. The magistrate judge also recommends that the court deny as moot the motion to remand filed by Indiana Statewide 911 Board, an "interested party."

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: November 19, 2015

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system